RONALD J. TENPAS
Acting Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
RICKEY DOYLE TURNER JR.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
Tel: 202-305-0229
Fax: 202-305-0275
rickey.turner@usdoj.gov

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SAGEBRUSH SEA CAMPAIGN, WESTERN WATERSHEDS PROJECT, and DESERT SURVIVORS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE and DIRK KEMPTHORNE, in his official capacity as SECRETARY OF THE INTERIOR,<br><br>Defendants. | Case No: C-07-4347-JCS<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND JUDICIAL REVIEW OF AGENCY ACTION** |

Federal Defendants, Dirk Kempthorne, Secretary of Interior ("Secretary"), in his official capacity, and United States Fish and Wildlife Service ("FWS"), by and through counsel, hereby answer Plaintiffs' Complaint by responding to the corresponding numbered paragraphs of the Complaint as follows:

## I. INTRODUCTION

1. The allegations contained in paragraph 1 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

## II. JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; however, to the extent that it may be deemed an allegations of fact, it is denied.

4. The Defendants admit the allegation in the first sentence of paragraph 4. The allegation contained in the second sentence of paragraph 4 is a conclusion of law to which no response is required; however, to the extent that it may be deemed an allegation of fact, it is denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

## III. INTRADISTRICT ASSIGNMENT

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

## IV. PARTIES

7. The Defendants admit that the Center for Biological Diversity is a named Plaintiff to this action but is without sufficient information or belief to admit or deny the allegations contained in the first through fourth sentences of paragraph 7. The fifth and sixth sentences of paragraph 7 are characterizations of the Plaintiffs' case and conclusions of law to which no

1  response is required; however, to the extent that they may be deemed allegations of fact, they are
2  denied.

3      8. The Defendants admit that the Sagebrush Sea Campaign is a named Plaintiff to this
4  action but is without sufficient information or belief to admit or deny the allegations contained in
5  paragraph 8.

6      9. The Defendants admit that Western Watersheds Project is a named Plaintiff to this
7  action but is without sufficient information or belief to admit or deny the allegations contained in
8  paragraph 9.

9      10. The Defendants admit that Desert Survivors is a named Plaintiff to this action but is
10 without sufficient information or belief to admit or deny the allegations contained in the first
11 through fifteenth sentences of paragraph 10. The allegations contained in the sixteenth and
12 seventeenth sentences of paragraph 10 are characterizations of the Plaintiffs' case and
13 conclusions of law to which no response is required; however, to the extent that they may be
14 deemed allegations of fact, they are denied.

15     11. Defendants admit the allegations in the first, second, and third sentences of
16 Paragraph 11. Defendants admit that the Secretary of the Interior's responsibilities include
17 administering portions of the ESA, including 16 U.S.C. § 1533(c)(2)(A). Defendants admit that
18 the Secretary of the Interior has delegated some authority under the ESA to the Service,
19 including the authority to implement 16 U.S.C. § 1533(c)(2)(A).

20     12. In response to the allegations in Paragraph 12, Defendants admit that the Service is
21 an agency within the Department of the Interior charged with implementing provisions of the
22 ESA and its implementing regulations.

23                                   **V. THE ENDANGERED SPECIES ACT**

1   13 - 16.  No response is required to the allegation contained in paragraphs 13 through 16 because the Endangered Species Act speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Endangered Species Act are denied.

17 - 20.  No response is required to the allegation contained in paragraphs 17 through 20 because the Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act, 61 Fed. Reg. 4722 (February 7, 1996) (DPS Policy) speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the DPS Policy and the Endangered Species Act are denied.

21 - 28.  No response is required to the allegation contained in paragraphs 21 through 28 because the Endangered Species Act and its implementing regulations speak for themselves and are the best evidence of their content.  Any allegations inconsistent with the Endangered Species Act are denied.

## VI.  THE MONO BASIN POPULATION OF SAGE GROUSE

29.  The allegations contained in the first sentence of paragraph 29 are characterizations of the Plaintiffs' case to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.  The Defendants admit the allegations contained in the second sentence of paragraph 29.  The Defendants deny the allegations contained in the third sentence of paragraph 29.

30.  The Defendants admit the first sentence of paragraph 30.  In response to the allegation "Research indicates that Mono Basin area sage grouse are genetically distinct from other greater sage grouse populations" contained in the second sentence of paragraph 30 the Defendants aver that evidence exists indicating that Mono Basin area sage grouse differ from

1  other populations of greater sage grouse in its genetic characteristics. The Defendants deny the
2  remaining allegations contained in the second sentence of paragraph 30.

3      31. The allegations contained in paragraph 31 are characterizations of the Plaintiffs' case
4  to which no response is required; however, to the extent that they may be deemed allegations of
5  fact, they are denied.

6      **VII. THE PETITION TO LIST THE MONO BASIN AREA SAGE GROUSE**

7      32. The Defendants admit that on November 15, 2005, the Service received a petition
8  dated November 10, 2005 submitted by the Stanford Law School Environmental Law Clinic on
9  behalf of the Sagebrush Sea Campaign, Western Watersheds Project, the Center for Biological
10 Diversity, and Christians Caring for Conservation to list the Mono Basin area sage grouse as a
11 threatened or endangered distinct population segment. Defendants deny any remaining
12 allegations contained in paragraph 32.

13     33. The Defendants admit that on December 19, 2006 the Service's 90-day finding on
14 the Mono Basin area sage grouse was published in the Federal Register (71 Fed. Reg. 76058)
15 (Finding). Defendants deny any remaining allegations contained in the first sentence of
16 paragraph 33. No response is required to the second sentence of paragraph 33 because the
17 Finding speaks for itself and is the best evidence of its content. Any allegations inconsistent with
18 the Finding is denied.

19     34. In response to the first and third sentences of paragraph 34, the Defendants admit
20 that on June 4, 2007, the Service received a Notice of Intent dated June 1, 2007 from the
21 Stanford Legal Clinic on behalf of the named Plaintiffs to this action. The allegations contained
22 in the second and fourth sentences of paragraph 34 are characterizations of the Plaintiffs' case
23

and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

### VIII.  VIOLATIONS OF LAW

**A. Failure to Rely on the Best Scientific and Commercial Data Available**

35.  Defendants reallege and incorporate by reference their answers to paragraphs 1-34 inclusive in response to paragraph 35.

36.  The allegations contained in paragraph 36 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

37.  No response is required to the allegation contained in paragraph 37 because the Endangered Species Act speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Endangered Species Act are denied.

38.  The allegations contained in the first sentence of paragraph 38 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied. No response is required to the allegations contained in the remaining sentences of paragraph 38 because the Finding speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Finding are denied.

39.  The allegations contained in paragraph 39 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

40.  The allegations contained in the first sentence of paragraph 40 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the

extent that they may be deemed allegations of fact, they are denied. No response is required to the allegations contained in the remaining sentences of paragraph 40 because the Finding speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Finding are denied.

41.  The allegations contained in the first sentence of paragraph 41 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied. No response is required to the allegations contained in the remaining sentences of paragraph 41 because the Finding speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Finding are denied.

42.  The allegations contained in paragraph 42 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

**B. Use of an Improper Standard for a 90-Day Finding**

43.  Defendants reallege and incorporate by reference their answers to paragraphs 1-42 inclusive in response to paragraph 43.

44.  No response is required to the allegation contained in paragraph 44 because the Endangered Species Act speaks for itself and is the best evidence of its content.  Any allegations inconsistent with the Endangered Species Act are denied.

45.  The allegations contained in paragraph 45 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

1    46. No response is required to the allegations contained in the first sentence of paragraph 46 because the Finding speaks for itself and is the best evidence of its content. Any allegations inconsistent with the Finding are denied. The allegations contained in the remaining sentences of paragraph 46 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

**C. DPS Analysis**

48. Defendants reallege and incorporate by reference their answers to paragraphs 1-47 inclusive in response to paragraph 48.

49. The allegations contained in the first sentence of paragraph 47 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied. No response is required to the allegations contained in the remaining sentences of paragraph 49 because the Finding speaks for itself and is the best evidence of its content. Any allegations inconsistent with the Finding are denied.

**D. Improper Threats Analysis**

50. Defendants reallege and incorporate by reference their answers to paragraphs 1-49 inclusive in response to paragraph 50.

51. The allegations contained in paragraph 51 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are characterizations of the Plaintiffs' case to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are characterizations of the Plaintiffs' case to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are characterizations of the Plaintiffs' case to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are characterizations of the Plaintiffs' case to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

1    58. The allegations contained in paragraph 58 are characterizations of the Plaintiffs' case
2  to which no response is required; however, to the extent that they may be deemed allegations of
3  fact, they are denied.

4    59. The allegations contained in paragraph 59 are characterizations of the Plaintiffs' case
5  and conclusions of law to which no response is required; however, to the extent that they may be
6  deemed allegations of fact, they are denied.

7    60. The allegations contained in paragraph 60 are characterizations of the Plaintiffs' case
8  and conclusions of law to which no response is required; however, to the extent that they may be
9  deemed allegations of fact, they are denied.

10    61. The allegations contained in paragraph 61 are characterizations of the Plaintiffs' case
11  and conclusions of law to which no response is required; however, to the extent that they may be
12  deemed allegations of fact, they are denied.

### IX. CLAIM FOR RELIEF

14    62. Defendants reallege and incorporate by reference their answers to paragraphs 1-61
15  inclusive in response to paragraph 62.

16    63. No response is required to the allegation contained in paragraph 63 because the
17  Endangered Species Act speaks for itself and is the best evidence of its content. Any allegations
18  inconsistent with the Endangered Species Act are denied.

19    64. No response is required to the allegation contained in paragraph 64 because the
20  Endangered Species Act and its implementing regulations speak for themselves and are the best
21  evidence of their content. Any allegations inconsistent with the Endangered Species Act and its
22  implementing regulations are denied.

23

Federal Defendants' Answer                           10                          Case No. C-07-4347-JCS

65. The allegations contained in paragraph 65 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required. No response is required to the allegations contained in the remaining sentences of paragraph 65 because the Finding speaks for itself and is the best evidence of its content. Any allegations inconsistent with the Finding are denied.

66. The allegations contained in paragraph 66 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are characterizations of the Plaintiffs' case and conclusions of law to which no response is required; however, to the extent that they may be deemed allegations of fact, they are denied.

## X. PRAYER FOR RELIEF

The allegations set forth in prayer for relief paragraphs 1 through 4 are prayers for relief, to which no response is required.

## XI. GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied.

## XII. AFFIRMATIVE DEFENSES

1. Venue may be more appropriate in another judicial district.

Respectfully submitted this 27th day of November 2007,

RONALD J. TENPAS, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

**s/     Rickey Doyle Turner Jr.**
RICKEY DOYLE TURNER JR.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box. 7369
Washington, D.C.  20044-7369
(202) 305-0229
rickey.turner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of November, 2007, I caused a copy of the foregoing Notice of Appearance to be served on the following counsel by means of the Court's electronic filing system:

Lisa T. Belenky
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
lbelenky@biologicaldiversity.org

Deborah A. Sivas
Stanford Environmental Law Clinic
559 Nathan Abbott Way
Stanford, CA 94305-8610
dsivas@standord.edu

                        **s/ Rickey Doyle Turner Jr.**
                        Rickey Doyle Turner Jr.
                        rickey.turner@usdoj.gov