Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Facsimile: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

Deborah A. Sivas (CA Bar No. 135446)
Leah J. Russin (CA Bar No. 225336)
ENVIRONMENTAL LAW CLINIC
MILLS LEGAL CLINIC
Stanford Law School
Crown Quadrangle
559 Nathan Abbott Way
Stanford, California  94305-8610
Telephone: (650) 723-0325
Facsimile: (650) 723-4426
Email: dsivas@stanford.edu

Attorneys for Plaintiffs Center for Biological Diversity, Sagebrush Sea Campaign, Western Watersheds Project, and Desert Survivors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SAGEBRUSH SEA CAMPAIGN, WESTERN WATERSHEDS PROJECT, and DESERT SURVIVORS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE, and SERVICE, DIRK KEMPTHORNE, Secretary of the Interior,<br><br>　　　　Defendants. | Case No. Case No. C07-4347-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference Set**<br>**Date: December 14, 2007**<br>**Time: 10:30 am**<br>**Court:**<br><br>**Hon. J. Spero** |

Pursuant to Civil Local Rule 16-9, the Court's Case Management Conference Order, and the Court's order of October 17, 2007, the parties submit this Joint Case Management Statement.

1. **Jurisdiction and Service:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. §§ 1540(c) & (g) (action arising under the Endangered Species Act and citizen suit provision), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act). All parties have been served.

2. **Facts**: On November 10, 2005, Sagebrush Sea Campaign, Western Watersheds Project, Center for Biological Diversity, and Christians Caring for Creation submitted a detailed petition to the Service seeking to list the Mono Basin area sage grouse as a threatened or endangered distinct population segment under the Endangered Species Act. Status Review and Petition to List the Mono Basin Area Sage Grouse (*Centrocercus urophasianus*) as a Distinct Population Segment of Greater Sage-Grouse as Threatened or Endangered Under the Endangered Species Act (hereinafter "Petition").

On December 19, 2006, the Service issued its 90-day finding on the Petition, and included its findings on a separate December 2001 petition submitted by the Institute for Wildlife Protection, also seeking to list the Mono Basin area sage grouse under the ESA. U.S. Fish and Wildlife Service, 90-Day Finding on Petitions to List the Mono Basin Area Population of the Greater Sage-Grouse as Threatened or Endangered, 71 Fed. Reg. 76058 (Dec.19, 2006). The Service concluded that while there is substantial scientific or commercial evidence indicating that the Mono Basin area sage grouse is a distinct population segment ("DPS"), there is not substantial information on threats to the population or other factors to indicate that listing may be warranted under the ESA. 71 Fed. Reg. at 76063, 76078. On June 1, 2007, Petitioners provided notice of intent to bring this lawsuit to Defendants pursuant to 16 U.S.C. § 1540(g) on the

grounds that the Service's decision was arbitrary, capricious, unsupported by the evidence in the record, and not in accordance with the ESA, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  On August 23, 2007, Plaintiffs filed this lawsuit. On October 17, 2007, the parties filed a joint motion to extend time for Defendants to file their Answer and on that same day the Court ordered the Answer be filed by November 27, 2007, and continued the date for the Case Management Conference to December 14, 2007.  On November 27, 2007, Defendants filed their Answer to the Complaint.  On December 5, 2007, counsel for Plaintiffs and Defendants met and conferred regarding this Joint Case Management Statement.

3. **Legal Issues:**

Plaintiffs allege that in the 90-day finding for the Mono Basin area sage grouse, the Service failed to apply the requisite 90-day standard to Plaintiffs' petition: "whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533 (b)(3)(A).  Plaintiffs allege that the Petition presented substantial information that listing of the Mono Basin area sage grouse may be warranted, defined as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b)(1).

Plaintiffs further allege that in the 90-day finding, the Service ignored or discounted the best scientific and commercial data available that threats to the species are substantial and serious; and ignored or discounted information demonstrating the imperiled status of the species. In addition, Plaintiffs allege that the Service did not determine if the Mono Basin area sage grouse Petition provided substantial scientific information that would lead a reasonable person to believe that the listing of the sage grouse DPS as an endangered species *may* be warranted but rather that the Service applied an erroneous legal standard by requiring that the Petition provide *conclusive proof* that the threats to the sage grouse will lead to extinction. On these bases, and

others, the Service's 90-day finding was arbitrary and capricious and in violation of applicable laws.

4. **Motions:** Because this is a record review case, the parties believe it can be resolved on motions for summary judgment. The legal issue that parties dispute is whether the Service's negative 90-day finding was arbitrary and capricious in light of the administrative record.

5. **Amendment of Pleadings:** The Parties do not anticipate any amendment to the pleadings at this time.

6. **Evidence Preservation**: This section is not applicable as this case is based on an administrative record. Defendants have taken the all necessary steps to collect and preserve the documents comprising the administrative record to be filed in this case.

7. **Disclosures:** Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. **Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. **Class Actions:** N/A

10. **Related Cases:** none

11. **Relief:** All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. **Settlement and ADR:** The parties have complied with ADR L.R. 3-5 and an ADR phone conference has been set for December 11, 2007, at 3:30 p.m. The parties have engaged in early settlement discussions and will continue those discussions. If the parties are not able to

settle on their own before the administrative record is filed, the parties anticipate that resolution of the issues on summary judgment will be necessary. After a decision on summary judgment, some form of ADR may be helpful in resolving any remaining issues and/or regarding the remedy.

13. **Consent to Magistrate Judge For All Purposes:** Both parties have consented to assignment of this case to a Magistrate Judge.

14. **Other References:** Because this is a record review case, the parties do not believe that it is suitable for arbitration.

15. **Narrowing of Issues:** The issues in this case are quite narrow at the outset and the issues of law will most likely be resolved on summary judgment based on the administrative record.

16. **Expedited Schedule:** The Parties do not know of any expedited procedures appropriate to this matter.

17. **Scheduling**:

Defendants agree to file the administrative record on or before Thursday, **January 24, 2008**.

A hearing on cross-motions for summary judgment would take place on **May 9, 2008** with briefing as follows:

Plaintiffs' motion for summary judgment to be filed on or before Monday, **February 25, 2008**;

Defendants' opposition and cross motion for summary judgment to be filed on or before Wednesday, **March 26, 2008**;

Plaintiffs' opposition and reply to be filed on or before Thursday, **April 10, 2008;**

and

Joint Case Management Statement  
Case No. C07-4347-JCS

4

Defendants reply to be filed on or before **Friday, April 25, 2008**.

The parties anticipate the summary judgment motion can be briefed within the page limits as follows; 25 pages for Plaintiffs' opening brief, 30 pages for Defendants cross-motion and response, 20 pages for Plaintiffs' response to cross-motion and reply, and 15 pages for Defendants' reply.

18. **Trial**: In the unlikely event that this case must go to trial, trial would be to the court and the parties anticipate it would take no more than 2 days. The parties would anticipate being prepared for trial no more than 60 days after a decision on summary judgment.

19. **Disclosure of Non-party Interested Entities or Persons:** Plaintiffs filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 along with the Complaint on August 23, 2007. Other than the interests of the named plaintiffs (Center for Biological Diversity, Sagebrush Sea Campaign, Western Watersheds Project and Desert Survivors) there is no such interest to report.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter. N/A

DATED: December 10, 2007          /s/ Lisa T. Belenky  
                                  Lisa T. Belenky (CA Bar No. 203225)  
                                  CENTER FOR BIOLOGICAL DIVERSITY  
                                  1095 Market St., Suite 511  
                                  San Francisco, CA 94103  
                                  Telephone: (415) 436-9682 x 307  
                                  Facsimile: (415) 436-9683  
                                  Email: lbelenky@biologicaldiversity.org  

                                  Deborah A. Sivas (CA Bar No. 135446)  
                                  Leah J. Russin (CA Bar No. 225336)  
                                  ENVIRONMENTAL LAW CLINIC  
                                  MILLS LEGAL CLINIC  
                                  Stanford Law School  
                                  Crown Quadrangle  
                                  559 Nathan Abbott Way  
                                  Stanford, California 94305-8610  
                                  Telephone: (650) 723-0325  

Joint Case Management Statement                                                              5  
Case No. C07-4347-JCS

Facsimile: (650) 723-4426
Email: dsivas@stanford.edu

Attorneys for Plaintiffs Center for Biological Diversity, Sagebrush Sea Campaign, Western Watersheds Project, and Desert Survivors

RONALD J. TENPAS, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA RUSSELL, Assistant Chief

/s/ Rickey Doyle Turner Jr.
Rickey Doyle Turner Jr.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0229
Facsimile: (202) 305-0275
rickey.turner@usdoj.gov

Attorneys for Federal Defendants