RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
RICKEY DOYLE TURNER JR.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
Tel: 202-305-0229
Fax: 202-305-0275
rickey.turner@usdoj.gov
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SAGEBRUSH SEA CAMPAIGN, WESTERN WATERSHEDS PROJECT, and DESERT SURVIVORS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE and DIRK KEMPTHORNE, in his official capacity as SECRETARY OF THE INTERIOR, <br><br> Defendants. | Case No: C-07-4347-JCS <br><br> **STIPULATED SETTLEMENT** |

1    Plaintiffs, the Center for Biological Diversity, Sagebrush Sea Campaign, Western
2 Watersheds Project, and Desert Survivors, and Defendants, the U.S. Fish and Wildlife Service
3 and Dirk Kempthorne, Secretary of the Interior ("Secretary"), by and through their undersigned
4 counsel, state as follows:

5    WHEREAS, on November 10, 2005, Plaintiffs Sagebrush Sea Campaign, Western
6 Watersheds Project, and Center for Biological Diversity (and others) submitted a petition to list
7 the Mono Basin area distinct population segment of the sage grouse as a threatened or
8 endangered species;

9    WHEREAS, after missing statutory deadlines for responding to the petition and a lawsuit
10 to compel a response to the petition, the United States Fish and Wildlife Service ("Service"),
11 published a 90-day finding concluding that there is substantial evidence that the sage grouse in
12 the Mono Basin area may be a distinct population segment but that there was no sufficient
13 information to show that listing may be warranted.  71 Fed. Reg. 76058 (December 19, 2006).

14    WHEREAS, on August 23, 2007, Plaintiffs filed a Complaint for declaratory and
15 injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq. and the Administrative Procedure
16 Act ("APA"), 5 U.S.C. § 706.  The Complaint challenged the Service's 90-day finding on
17 several bases.

18    WHEREAS, Plaintiffs and Defendants, through their authorized representatives, and
19 without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs'
20 claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable
21 resolution of the disputes set forth in Plaintiffs' Complaint.

22    WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner
23 is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service shall undertake a voluntary remand of its petition finding regarding the Mono Basin Sage Grouse dated December 19, 2006, and shall submit for publication in the Federal Register a new 90-day finding on the Petition by April 25, 2008.  If that 90-day finding is positive, the Service shall undertake a status review pursuant to ESA § 4(b)(3) and submit for publication in the Federal Register a 12-month finding on the petition by April 24, 2009.  If that 90-day finding is negative, the Service's obligations under this agreement shall be terminated.

2. In consideration of Defendants' agreement to meet the deadlines in paragraph 1, Plaintiffs agree to dismiss this action.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply

1   with any term or condition of this Agreement, the party seeking the modification, raising the

2   dispute or seeking enforcement, shall provide the other party with written notice of the claim.

3   The parties agree that they will meet and confer (in-person not required) at the earliest possible

4   time in a good-faith effort to resolve the claim before bringing any matter to the Court.  If the

5   parties are unable to resolve the claim within 30 days after the notice, either party may bring the

6   claim to the Court.

7   　　　　5.  No party shall use this Agreement or the terms herein as evidence of what does or

8   does not constitute a reasonable time line for issuing a 90-day or 12-month finding under 16

9   U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

10   　　　　6.  Defendants agree that Plaintiff is the "prevailing party" in this action, and agrees to

11   pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16

12   U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiff's claims for costs and

13   attorneys' fees in the above-captioned litigation for a total of $9,552.50.  The first check will be

14   made payable in the amount of $6,610.00 to Plaintiffs' undersigned counsel, Lisa Belenky of the

15   Center for Biological Diversity.  The second check will be made payable in the amount of

16   $2,942.50 to Plaintiffs' undersigned counsel, Deborah Sivas of the Environmental Law Clinic,

17   Mills Legal Clinic, Stanford Law School.

18   　　　　7.  Defendant agrees to submit all necessary paperwork to the Department of the

19   Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business

20   days of receipt of the signed court order approving this stipulation.

21   　　　　8.  Plaintiffs agree to accept payment of $9,552.50 ($6, 610.00 and $2,942.50

22   respectively) in full satisfaction of any and all claims for attorneys' fees and costs of litigation to

23

STIPULATED SETTLEMENT              4                Case No. C-07-4347-JCS

which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement.

9. Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

10. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

11. Subject to the qualifications in Paragraph 13, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341.  In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs intend to assert this position if the Service fails to comply with the terms of this

1  Agreement for reasons of insufficient appropriations.  Defendants reserve all legal and equitable

2  defense to such a claim.

3      13.  The parties agree that this Settlement Agreement was negotiated in good faith and it

4  constitutes a settlement of claims that were vigorously contested, denied, and disputed by the

5  parties.  By entering into this Agreement the parties do not waive any claim or defense.

6      14.  The undersigned representatives of each party certify that they are fully authorized

7  by the party or parties they represent to agree to the Court's entry of the terms and conditions of

8  this Agreement and do hereby agree to the terms herein.

9      15.  The terms of this Agreement shall become effective upon entry of an order by the

10  Court ratifying the Agreement and upon approval of this Agreement by the Court, all counts of

11  Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil

12  Procedure 41(a)(1).

13  Respectfully submitted this 21th day of February 2008 ,

14  RONALD J. TENPAS, Assistant Attorney General
    JEAN E. WILLIAMS, Section Chief
15  LISA L. RUSSELL, Assistant Section Chief

16  **/s/** Rickey Doyle Turner Jr.
    RICKEY DOYLE TURNER JR.
17  U.S. Department of Justice
    Environment & Natural Resources Division
18  Wildlife and Marine Resources Section
    P.O. Box. 7369
19  Washington, D.C.  20044-7369
    (202) 305-0229
20  rickey.turner@usdoj.gov

21  Attorneys for Defendants

22  /s/ Lisa T. Belenky (by RDT with permission)

23  Lisa T. Belenky (CA Bar No. 203225)

STIPULATED SETTLEMENT      6      Case No. C-07-4347-JCS

1  CENTER FOR BIOLOGICAL DIVERSITY
   1095 Market St., Suite 511
2  San Francisco, CA 94103
   Telephone: (415) 436-9682 x 307
3  Facsimile: (415) 436-9683
   Email: lbelenky@biologicaldiversity.org
4
   /s/ Deborah A. Sivas (by RDT with permission)
5  _____
   Deborah A. Sivas (CA Bar No. 135446)
6  Leah J. Russin (CA Bar No. 225336)
   ENVIRONMENTAL LAW CLINIC
7  MILLS LEGAL CLINIC
   Stanford Law School
8  Crown Quadrangle
   559 Nathan Abbott Way
9  Stanford, California  94305-8610
   Telephone: (650) 723-0325
10 Facsimile: (650) 723-4426
   Email: dsivas@stanford.edu
11
   Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

STIPULATED SETTLEMENT               7               Case No. C-07-4347-JCS

# CERTIFICATE OF SERVICE

I hereby certify that on this 21th day of February, 2008, I caused a copy of the foregoing Notice of Appearance to be served on the following counsel by means of the Court's electronic filing system:

Lisa T. Belenky
Center for Biological Diversity
1095 Market St., Suite 511
San Francisco, CA 94103
lbelenky@biologicaldiversity.org

Deborah A. Sivas
Stanford Environmental Law Clinic
559 Nathan Abbott Way
Stanford, CA 94305-8610
dsivas@standord.edu

**s/ Rickey Doyle Turner Jr.**
Rickey Doyle Turner Jr.
rickey.turner@usdoj.gov